IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, MD, MPH , | ) | C/A No.: 1:14-4811-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| The State of South Carolina and The | ) | |
| City of Columbia, South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Marie Assa'ad-Faltas, proceeding pro se, filed this habeas petition pursuant to 28 U.S.C. § 2254, challenging a 2013 conviction in the Columbia Municipal Court. [ECF No. 1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without requiring the respondents to file an answer.

I.   Factual Background

The petition seeks habeas relief "from one 11 April 2013 Conviction of 'Unlawful Acts' and 25 April 2013 Denial of New Trial on said Conviction . . . " in Municipal Court in Columbia, South Carolina. [ECF No. 1 at 1]. Petitioner alleges the State of South Carolina has discriminatorily denied her the right to appeal the conviction. *Id*. Petitioner claims that South Carolina Circuit Judge Lee affirmed the conviction, but not the sentence, and denied reconsideration. *Id.* at 9. Petitioner states that she appealed the

conviction to the South Carolina Court of Appeals, which relieved her appellate counsel without her consent and ordered Petitioner to obtain new counsel. *Id.* at 10. Petitioner argues that her conviction was unconstitutional and requests that the court "grant the writ and reverse the conviction with prejudice." *Id.* at 13.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.	Analysis

It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief.  *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).  "In custody" refers not only to physical confinement, but to other types of restraint on liberty such as probation and parole. *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook,* 490 U.S. 488, 490–91 (1989). Petitioner provides no facts in the pleading to demonstrate that she is in custody as required by § 2254(a).  She provided a post office box for her address, and there is no indication the post office box is associated with any jail or prison. Therefore, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

III.	Conclusion

Accordingly, the undersigned recommends that this case be dismissed without prejudice.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 6, 2015				Shiva V. Hodges
Columbia, South Carolina			United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).